# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| KELLY HICKS, individually and as next friend of J.E., | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 5:16-CV-447 (LJA) |
| DAN KILGORE, CASEY CLARK, DAVID WALKER, CHAD SEYMOUR, and TRACY WAINWRIGHT, | : : : : | |
| Defendants. | : : | |

## ORDER

Before the Court are Defendants Chad Seymour and Tracy Wainwright's Motion to Dismiss (Doc. 17) and Plaintiff's Motion to Amend Complaint (Doc. 27). For the following reasons, Defendants' Motion to Dismiss (Doc. 17) is **GRANTED** and Plaintiff's Motion to Amend (Doc. 27) is **DENIED**.

## BACKGROUND

Plaintiff Kelly Hicks initiated this action on September 20, 2016 (Doc. 1) and amended her complaint as a matter of right on December 22, 2016 (Doc. 13). On January 5, 2017, Defendants Chad Seymour and Tracy Wainwright filed the Motion to Dismiss (Doc. 17) that is now before the Court. Defendants Dan Kilgore, Casey Clark, and David Walker answered the Amended Complaint on January 11, 2017. (Doc. 21). Plaintiff's Amended Complaint (hereafter, "Complaint"), alleges that Defendants Seymour and Wainwright (hereafter, "Defendants") violated her son's Fourth, Fifth and Fourteenth Amendment rights, deprived her son of his personal liberty under the Georgia Constitution, and committed the tort of illegal arrest under Georgia state law. (Doc. 13, ¶¶ 28, 33, 47-49).

1

Plaintiff Kelly Hicks is the mother and custodian of J.E. (Doc. 13, ¶ 5). At the time of the incident, J.E. was a nine-year old child with autism, attending school pursuant to an Individualized Education Program (IEP). *Id.* Defendant Chad Seymour was the principal of J.E.'s school, and Defendant Tracy Wainwright was the vice-principal. *Id.* at ¶ 9. On December 3, 2014, J.E. witnessed students at his school being escorted out of the building due to a bomb threat that had been written on the wall of a bathroom stall. *Id.* at ¶¶ 6-7. On December 8, 2014, J.E. tried to re-create the situation by writing "bone thrat" on the wall of a bathroom stall and telling a student monitor about the threat. *Id.* at ¶ 8. Pursuant to local school district policy, the student monitor told a teacher, who told administrative personnel, who then telephoned 911. *Id.*

Defendants Casey Clark and David Walker are the law-enforcement officers who arrived at the school. After their arrival, Clark, Walker, Seymour, and Wainwright all began questioning J.E. without Plaintiff being present and without giving J.E. his Miranda warnings. *Id.* at ¶ 9. At all times, Defendants Seymour and Wainwright were aware of J.E.'s age and that he was autistic. *Id.* at ¶ 10. In the course of questioning, J.E. admitted to writing "bone thrat" on the bathroom wall. *Id.* at ¶ 11. Clark and Walker then arrested J.E. and transported him the Sheriff's office, where he was charged with terroristic threats under O.C.G.A. § 16-11-37. *Id.* at ¶ 14, 18, 19. At the Sheriff's office, J.E. was questioned again outside of his mother's presence. Approximately an hour after arriving at the Sheriff's office, J.E. was released to Plaintiff's custody. *Id.* at ¶ 19.

## **MOTION TO DISMISS**

I. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert the defense of failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Restated, "the factual allegations in the complaint must possess enough heft to set forth a

plausible entitlement to relief." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (internal citation and punctuation marks omitted).

On a motion to dismiss, the Court "construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged [ ] in the complaint as true." *Sinaltrainal v.Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While notice pleading is a liberal standard, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. A "plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Moreover, when evaluating the sufficiency of a complaint, the Court must "make reasonable inferences in plaintiff's favor;" however, the Court is "not required to draw plaintiff's inference[s]." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012).

II. Discussion

    A. Unlawful Arrest

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights secured by the Constitution or law of the United States." *Morrison v. Washington Cty., Ala.*, 700 F.2d 678, 682 (11th Cir. 1983). Pursuant to § 1983, "a government official who neither arrests plaintiff nor procures the arrest warrant but who instigates or causes an unlawful arrest may be held liable under the Fourth Amendment." *Buckner v. Shetterley*, 621 F. Supp. 2d 1300, 1303 (M.D. Ga. 2008); *see also Jordan*

3

*v. Mosley*, 487 F.3d 1350, 1354 (11th Cir. 2007). Such a claim, however, is still subject to the same requirements of damages and causation as common law tort claims. *See Dixon v. Burke Cty., Ga.*, 303 F.3d 1271, 1274-75 (11th Cir. 2002) ("The Constitution is the substantive fuel powering § 1983, but its mechanical structure is similar to the common law of Torts."); *Jackson v. Sauls*, 206 F.3d 1156, 1168 (11th Cir. 2000) ("[W]e are guided by certain common law tort principles of damages and causation which apply in this § 1983 context."); *Monroe v. Pape*, 365 U.S. 167, 187 (1961) (explaining that § 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.").

"As with any common law tort, Plaintiff must establish an adequate causal link between the alleged harm and the alleged unlawful conduct." *Dixon*, 303 F.3d at 1275; *see also Troupe v. Sarasota Cty., Fla.*, 419 F.3d 1160, 1165 (11th Cir. 2005) ("A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation."). Without this causal link, a § 1983 claim "fails as a matter of law." *Id.* "Under traditional tort principles, causation has two required elements: cause-in-fact and legal or proximate cause." *Jackson*, 200 F.3d at 1168 n. 16. "To establish cause-in-fact, the plaintiff must show that except for the constitutional tort, such injuries and damages would not have occurred." *Id.* To establish proximate cause, the plaintiff must show that "the injury or damages was a reasonably foreseeable consequence of the act or omission." *Id.* "The causal relation does not exist when the continuum between Defendant's action and the ultimate harm is occupied by the conduct of deliberative and autonomous decision-makers." *Dixon*, 303 F.3d at 1275.

Plaintiff argues that Defendants Seymour and Wainwright "procured" J.E.'s allegedly unconstitutional arrest by "failing to tell the two officers, Clark and Walker, of J.E.'s autism so that such Defendants would have known that J.E. could not have had the intent to commit the crime he was being accused of." (Doc. 13, ¶ 28). This allegation is insufficient to show causation between Defendants' omission and the arrest of J.E. because of the independent and intervening decision by the police officers to effectuate an arrest. In *Elmore v. Fulton County School District*, the Eleventh Circuit considered whether the school principal

4

could be liable for the unlawful arrest of a teacher when the principal directed the officer to take out a warrant against the teacher. 605 F. App'x 906, 917 (11th Cir. 2015). The Court held that the principal was not liable because he had no authority over the police officer, was not personally involved in the teacher's arrest, and had no indication that the police officer would act unlawfully. *Id.* In contrast, Courts have found that a non-arresting official "instigated or caused" an arrest when the official intentionally provided false information to a law enforcement officer that led to an arrest, see *Buckner v. Shetterley*, 621 F. Supp. 2d 1300, 1303 (M.D. Ga. 2008), or when the official was the sole source of information that gave rise to probable cause before an arrest, see *Jordan*, 487 F.3d at 1353-54. Furthermore, there is no allegation that the arresting officers were unaware that J.E. was autistic, nor is there any basis for Plaintiff's claim that, had the officers known of J.E.'s condition, they necessarily would not have arrested him. Accordingly, the Defendants' alleged failure to inform the officers of J.E's condition cannot be held to be the proximate cause of the alleged harm. Here, the school officials had no authority over the officers, did not direct them to act unlawfully, and were not the sole source of information leading to the arrest of J.E.

### B. Illegal Questioning

Plaintiff alleges that Defendants violated J.E.'s Fifth and Fourteenth amendment rights by questioning him. Defendants seek to invoke the defense of qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In order for qualified immunity to apply, the governmental official must be acting in the scope of their discretionary authority when the alleged wrongs occurred. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). To determine whether a government official is acting in the scope of their discretionary authority, the Court asks whether the official was: (1) "performing a legitimate job-related function (that is, pursuing a job-related goal)," (2) "through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). "[T]o pass the first step of the discretionary function

test for qualified immunity, the defendant must have been performing a function that, *but for* the alleged constitutional infirmity, would have fallen with [sic] his legitimate job description." *Id.* at 1266. School officials "have the responsibility of maintaining decorum in the classroom," and "disciplining students is a legitimate discretionary function performed by principals." *Id.* at 1267; *see also Kirkland ex rel. Jones v. Greene Cty. Bd. of Educ.*, 347 F.3d 903, 904 n. 1 (11th Cir. 2003). Defendants Seymour and Wainwright were clearly acting within their discretionary authority as school officials and performing a legitimate job-related function by questioning the student who reported a bomb threat at their school.

"Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee*, 284 F.3d at 1194. "In order to demonstrate that the official is not entitled to qualified immunity, the plaintiff must show two things: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was clearly established at the time [he] did it." *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). Plaintiff has alleged two constitutional violations: violation of the Fifth Amendment right to be free from self-incrimination and the Fourteenth Amendment right to procedural and substantive due process.

### 1. Fifth Amendment

Plaintiff alleges that Defendants violated J.E.'s Fifth Amendment rights by participating in illegal questioning. Plaintiff fails, however, to demonstrate that Defendants violated the Fifth Amendment. The Fifth Amendment "protects a citizen's right against infringement by the federal government, not by state government." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015). Because the Complaint contains no allegations that federal actors were involved in the questioning or arrest of J.E., the Fifth Amendment provides no basis for relief in this case. *See McCall v. Dep't of Human Res.*, 176 F. Supp. 2d 1355, 1363 (M.D. Ga. 2001).

### 2. Fourteenth Amendment

Plaintiff also alleges that Defendants violated J.E.'s Fourteenth Amendment rights to procedural and substantive due process by participating in illegal questioning. Plaintiff fails

6

to demonstrate that Defendants violated J.E.'s Fourteenth Amendment procedural and substantive due process rights. "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1233 (11th Cir. 2003). Plaintiff has failed to identify any constitutionally-protected liberty interest that was implicated by the questioning of J.E. No court has recognized the right of students to be free of questioning by school officials after reporting a bomb threat.

One type of substantive due process violation requires the identification of a fundamental right created by the Constitution. *See Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003). Plaintiff argues that Defendants Seymour and Wainwright violated J.E.'s right to be free from illegal questioning. To the extent that Plaintiff argues J.E.'s questioning was "illegal" because it was conducted without *Miranda* warnings, such questioning did not violate J.E.'s fundamental rights. The *Miranda* warnings are a prophylactic protection, but failure to follow them does not violate any substantive right such that a cause of action under § 1983 is created. *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999); *see also Chavez v. Martinez*, 538 U.S. 760, 773 (2003) ("We have … established the *Miranda* exclusionary rule as a prophylactic measure to prevent violations of the right protected by the text of the Self-Incrimination Clause.").

Substantive due process violations can also occur when conduct "shocks the conscience." *Chavez*, 538 U.S. at 774. The Supreme Court has "pointed out that actions 'intended to injure in some way unjustifiable by any government interest' are those 'most likely to rise to the conscience-shocking level.'" *Nix v. Franklin Cty. Sch. Dist.*, 311 F.3d 1373, 1376 (11th Cir. 2002). In the context of corporal punishment in schools, the Eleventh Circuit has held that corporal punishment that did not result in severe or permanent damage did not shock the conscience, whereas the striking of a child in the head at the location she had previously undergone brain surgery did shock the conscience. *See Hatfield v. O'Neill*, 534 F. App'x 838, 145 (11th Cir. 2013). Based on this guidance, it is clear that the questioning of a child by a school official in the face of a bomb threat does not rise to the level of

conscience shocking behavior. Furthermore, the school officials had an interest in protecting the school from a possible threat. Accordingly, Plaintiff fails to identify a Fourteenth Amendment violation by Defendants Wainwright and Seymour.

### C. Official Immunity for State Law Claims

The Constitution of Georgia provides government officials with official immunity for discretionary actions unless they acted with "actual malice." *Hoyt v. Cooks*, 672 F.3d 972, 981 (11th Cir. 2012) (citing *Merrow v. Hawkins*, 266 Ga. 390, 391 (1996)). "Actual malice" requires a "deliberate intention to do wrong" and must be "the intent to cause the harm suffered by the plaintiffs." *Murphy v. Bajjani*, 282 Ga. 197, 203 (2007). "Actual malice" does not include "deliberate acts of wrongdoing done with reckless disregard for the safety of others." *Id.* "Georgia courts have repeatedly held that the supervision and discipline of students are discretionary acts," *Foster v. Raspberry*, 652 F. Supp. 2d 1342, 1355 (M.D. Ga. 2009), and the parties do not dispute that Defendants were acting within their discretionary authority.

Plaintiff alleges that Defendants Seymour and Wainwright acted unlawfully by questioning J.E. and failing to tell law enforcement officers that J.E. was autistic. Plaintiff also makes a single allegation for all defendants stating that "the actions of each defendant were motivated by and demonstrate an actual intent to do wrong." (Doc. 13, ¶ 49). This conclusory allegation is insufficient to make a showing of "actual malice" under Georgia law. *See Harper v. Perkins*, 459 F. App'x 822, 828 (11th Cir. 2012) ("We recognize…that we cannot rely on Plaintiff's legal assertions of actual malice in the complaint."). Plaintiff has not alleged any additional facts that would support a finding that Defendants Seymour and Wainwright questioned J.E. and omitted information about his special needs in order to have J.E. arrested or to otherwise cause him any harm. Accordingly, Plaintiff's state law claims against Defendants Seymour and Wainwright are properly dismissed.

## MOTION TO AMEND

Plaintiff seeks to amend her complaint by: (1) alleging that Defendant Seymour is the administrative employee who called 911; and (2) restating the allegation that Defendants Seymour and Wainwright "made no attempt to acquaint the other officers of J.E.'s autism or

his inability to form criminal intent." (Doc. 27-2, ¶¶ 8, 10). Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty one days after the service of a responsive pleading, or twenty one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Alternatively, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* If, however, the moving party displays "undue delay, bad faith, or dilatory motive," or the amendment is "futile," the District Court has discretion to deny the motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) ("While a decision whether to grant leave to amend is clearly within the discretion of the district court, a justifying reason must be apparent for denial of a motion to amend."). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (2007).

The Court determined above that failing to tell law enforcement officers of a child's autism does not sufficiently allege causation for the purposes of § 1983. Additional facts supporting this same claim would not change this conclusion. Specifying that the principal of the school called 911 instead of an anonymous administrative employee does not change the Court's analysis. Although the police would not have arrested J.E. if they had not been called to the school, Defendant Seymour's phone call in the face of a generalized bomb threat did not proximately cause the arrest of a particular student. *See Dixon*, 303 F.3d at 1275. Accordingly, as Plaintiff's proposed amendments are futile, her Motion to Amend is denied.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 17) is **GRANTED** and Plaintiff's Motion to Amend (Doc. 27) is **DENIED**.

9

**SO ORDERED**, this  4th  day of  May , 2017.

        /s/ Leslie J. Abrams
        **LESLIE J. ABRAMS, JUDGE**
        **UNITED STATES DISTRICT COURT**